```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
TRUSTEES OF THE NEW YORK CITY         :
DISTRICT COUNCIL OF CARPENTERS        :
PENSION FUND, WELFARE FUND,           :
ANNUITY FUND, AND APPRENTICESHIP,     :
JOURNEYMAN RETRAINING, EDUCATIONAL    :
AND INDUSTRY FUND, et al.,            :   20 Civ. 2120 (VM)
                                      :
                     Petitioners,     :
                                      :   **DECISION AND ORDER**
     - against -                      :
                                      :
TRIANGLE ENTERPRISE NYC, INC.,        :
                                      :
                     Respondent.      :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Petitioners Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees Of The New York City Carpenters Relief and Charity Fund, Carpenter Contractor Alliance of Metropolitan New York, and New York City District Council of Carpenters (collectively, "Petitioners") bring this action to confirm an arbitral award in favor of Petitioners and against respondent Triangle Enterprise NYC, Inc. ("Respondent"). (See "Petition," Dkt. No. 1.) Respondent has not entered an appearance in this action despite proper service, and the time to respond to the Petition has passed. The Court now

1

construes the Petition as an unopposed motion for summary judgment by Petitioners. For the reasons set forth below, the Petition is GRANTED.

## I. BACKGROUND[1]

Respondent has performed work on a variety of public projects for the New York City School Construction Authority (the "SCA"). As an SCA contractor, Respondent agreed to be bound to the SCA's 2014-2019 Project Labor Agreement (the "PLA"). Under the PLA, Respondent was required to pay timely contributions on behalf of all covered employees to established jointly trusteed employee benefit funds designated in Schedule A of the PLA.

As an SCA contractor, Respondent was also bound by a collective bargaining agreement (the "CBA") with petitioner New York City District Council of Carpenters ("Union") and another trade association, to the extent such terms did not conflict with the PLA. Respondent was bound by the CBA at all times relevant to this action, and all Petitioners except for the Union (the "Funds") were established jointly trusteed employee benefit funds to which Respondent was

---

[1] The following background derives from the undisputed Petition and its accompanying exhibits. Though Respondent does not dispute any facts in this action, the Court resolves all ambiguities and draws all justifiable factual inferences in favor of Respondent as the non-movant, as required by the standard set forth in Section II.A. No further citations to the record will be made herein except as specifically cited.

2

required to pay benefits for work falling within the scope of the CBA. The CBA required Respondent to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union, and it further required Respondent to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions. The CBA provided for arbitration of disputes concerning payments to the Funds and set forth various details regarding the award and collection of interest, damages, and costs and fees. (See Petition at ¶¶ 22-24.)

Following an audit of Respondent, Petitioners initiated arbitration pursuant to the CBA before the designated arbitrator Roger E. Maher ("Maher"), based on Respondent's alleged failure to remit all required contributions to the Funds for the period September 18, 2017 through December 23, 2018. Maher held a hearing on January 23, 2020 and rendered an award (the "Award") for Petitioners on January 25, 2020. (See Exhibit H.) Based upon the evidence and testimony at the hearing, Maher found that Respondent violated the CBA and awarded Petitioners an

3

aggregate amount of $494,263.49 with interest to accrue at an annual rate of 6.75 percent. (See id.)

Because Respondent failed to pay any portion of the Award by March 10, 2020, Petitioners commenced this action on the same date. Respondents have not entered an appearance despite proper service, and the time to respond to the Petition has since expired. Petitioners accordingly moved the Court to deem the Petition as an unopposed motion for summary judgment on April 29, 2020. (See Dkt. No. 9.)

## II.   LEGAL STANDARDS

A.   STANDARD OF REVIEW

Even if a petition to confirm an arbitral award is unopposed, the petition and accompanying record should be treated as a motion for summary judgment based on the movant's submissions. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Summary judgment is appropriate if the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether the movant is entitled to judgment as a matter of law, the court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the

4

party against whom summary judgment is sought." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 309 (2d Cir. 2008). As noted above, all facts in this case are undisputed.

B.  REVIEW OF ARBITRAL AWARDS

Petitioners seek confirmation of the Award pursuant to the Federal Arbitration Act (the "FAA"), codified at 9 U.S.C. Sections 1-16. The role of a district court in reviewing an arbitral award is "narrowly limited," and "arbitration panel determinations are generally accorded great deference under the FAA." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir. 1997). Only a "barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," and the burden of proof "required to avoid confirmation is very high." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks omitted).

A court must confirm an arbitral award unless the party seeking to vacate establishes any of the limited exceptions provided by Section 10 of the FAA. See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008). The FAA provides for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality

>  or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) ("Section 10").

The Second Circuit adds a gloss on Section 10 that instructs that a district court may vacate where the award evidences "manifest disregard" of the law. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 548 F.3d 85, 91-92 (2d Cir. 2008), rev'd on other grounds, 559 U.S. 662 (2010); T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010). Courts vacate awards on grounds of manifest disregard only in "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." Stolt-Nielsen, 548 F.3d at 91-92 (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003)).

An arbitral award may be vacated based on manifest disregard of the law if: (1) the law that the arbitrators allegedly ignored was clear and "explicitly applicable to the matter before [them]"; (2) "the law was in fact improperly applied, leading to an erroneous outcome"; and

6

(3) the arbitrators knew of the law's existence and applicability, but intentionally disregarded it. T.Co Metals, 592 F.3d at 339 (quoting Duferco, 333 F.3d at 389-90). Accordingly, "'[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'" Pike v. Freeman, 266 F.3d 78, 86 (2d Cir. 2001) (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).

## III.   DISCUSSION

The Court will grant the Petition, as it sees no grounds to vacate, modify, or correct the Award. Respondent has not appeared, let alone moved for vacatur pursuant to the limited exceptions provided by Section 10 of the FAA, and the record provides no basis for any inference of corruption, misconduct, or abuse of power by Maher. Nor did Maher manifestly disregard the law. The Court sees nothing to suggest Maher improperly applied and intentionally disregarded clear and explicitly applicable law; on the contrary, the Award seems reasonable based upon the CBA and apparent facts as reflected in the Award. In light of the

7

great deference accorded to arbitral awards under the FAA, the Court must confirm the Award based on the record.

The Court is also satisfied that the award of attorneys' fees to Petitioners is appropriate and that the amount requested is reasonable under the circumstances presented. The Court will further award Petitioners post-judgment interest as required under 28 U.S.C. Section 1961. See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996).

## IV.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion for summary judgment so deemed by the Court as filed by Petitioners Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees Of The New York City Carpenters Relief and Charity Fund, Carpenter Contractor Alliance of Metropolitan New York, and New York City District Council of Carpenters (collectively, "Petitioners") (See "Petition," Dkt. No. 1) is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the Petition is granted, the underlying arbitration award is confirmed, and judgment is

entered in favor of Petitioners and against respondent Triangle Enterprise NYC, Inc. as follows:

Awarding Petitioners $494,263.49 pursuant to the January 25, 2020 arbitration award ("Award") plus interest from the date of the Award through the date of judgment with interest to accrue at the annual rate of 6.75% pursuant to the Award;

Awarding Petitioners $70 in costs arising out of the proceeding;

Awarding Petitioners $687.50 in attorneys' fees arising out of the proceeding; and

Awarding Petitioners post-judgment interest at the statutory rate.

**SO ORDERED.**

Dated:   New York, New York
         04 June 2020

                                    _____
                                    Victor Marrero
                                    U.S.D.J.